**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| Plaintiff, | ) ) ) C.A. No. 23-136-GBW-CJB |
| v. | ) (Consolidated) ) |
| HYPHAMETRICS, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 12 of the Court's July 17, 2023 Scheduling Order (D.I. 22) and the Order to Extend Time of Certain Deadlines in the Scheduling Order, Plaintiff The Nielsen Company (US), LLC ("Plaintiff" or "Nielsen") and Defendant HyphaMetrics ("Hypha") have met and conferred, and hereby submit the attached Joint Claim Construction Chart for the claims of United States Patent Nos. 10,970,588 and 11,652,901 (collectively, the "Asserted Patents").

The charts below identify the parties' proposed constructions and identification of intrinsic evidence in support of disputed constructions. Each party reserves the right to rely on intrinsic evidence cited by the other party. Exhibit A to the Joint Claim Construction Chart is a copy of the '588 patent. Exhibit B to the Joint Claim Construction Chart is a copy of the '901 patent. Exhibit C to the Joint Claim Construction Chart is a copy of cited portions of the prosecution file history of United States Patent No. 10,503,998, which the '588 patent claims priority to.

| POTTER ANDERSON & CORROON | ASHBY & GEDDES |
|---|---|
| */s/ Andrew L. Brown* | */s/ John G. Day* |
| David E. Moore (#3983) | John G. Day (#2403) |
| Bindu A. Palapura (#5370) | Andrew C. Mayo (#5207) |
| Andrew L. Brown (#6766) | 500 Delaware Avenue, 8th Floor |
| Hercules Plaza, 6th Floor | P.O. Box 1150 |
| 1313 North Market Street | Wilmington, DE 19899 |
| Wilmington, DE 1901 | (302) 654-1888 |
| Telephone: (302) 984-6000 | jday@ashbygeddes.com |
| dmoore@potteranderson.com | amayo@ashbygeddes.com |
| bpalapura@pottersanderson.com | |
| | *Attorneys for Defendant HyphaMetrics. Inc.* |
| *Attorneys for Plaintiff* | |
| *The Nielsen Company (US), LLC* | |

OF COUNSEL:

OF COUNSEL:

Paul H. Berghoff
James L. Lovsin
Mateusz J. Kulesza
Alexandra E. MacKenzie
Carlton J Hemphill
Christopher M. Scurry
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Chicago, IL 60606
Tel:   (312) 913-0001

Edward A. Pennington
Beth Oliak
Pennington Oliak PLLC
1055 Thomas Jefferson Street, NW, Suite L35
Washington DC 20007
(202) 897-2725

Steven Yovits
Constantine Koutsoubas
Douglas Lewis
Melvin Gaddy
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
Jolie Brett Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

Dated: December 19, 2023
11218516/14944.00006

2

## DISPUTED CONSTRUCTIONS

| Term | Nielsen's Proposed Construction and Intrinsic Evidence[1] | HyphaMetrics's Proposed Construction and Intrinsic Evidence |
|---|---|---|
| "a threshold probability value" '588 patent, cls. 1, 10, 19 | Plain and ordinary meaning.<br><br>To the extent a construction is needed, Nielsen proposes the following construction:<br><br>A number representing a probability that (i) when exceeded, indicates that a feature in the image is likely an overlay and (ii) when not exceeded, indicates that the feature in the image is likely not an overlay.<br><br>**Intrinsic Evidence**<br>'588 Patent: 6:19-22, 9:35-38, 12:59-64, and 13:14-22.<br><br>U.S. Patent No. 10,503,998 File History:<br>Non-Final Office Action (Mar. 4, 2019)<br>Response to Non-Final Office Action (June 4, 2019)<br>Notice of Allowance (Aug. 9, 2019) | "a threshold probability value" is indefinite under 35 USC 112. |
| "responsive to the processor determining that the assigned probability exceeds the threshold probability value, the processor (i) determining | Plain and ordinary meaning.<br><br>To the extent a construction is needed, Nielsen proposes the following construction: | Each functional statement, including "determining," "performing," "determining" (second time), "determining" (third time), "determining" (fourth time) and "accessing" render the claim language indefinite under 35 USC 112. |

---

[1] Nielsen objects to the argumentative way in which Hypha has presented its intrinsic evidence for its proposed constructions in the third column of the chart.

| | | |
|---|---|---|
| compliance with an advertising requirement, (ii) performing optical character recognition (OCR) on the at least one feature, (iii) determining a channel associated with the at least one feature, (iv) determining a show associated with the at least one feature, (v) determining a hyperlink associated with the at least one feature, or (vi) accessing a hyperlinked object associated with the at least one feature." '588 patent, cls. 1, 10, 19 | Responsive to the processor determining that the assigned probability exceeds the threshold probability value, the processor:<br><br>(i) determining whether the image meets a condition related to advertising, such as a condition specified in an advertising contract and/or requiring an overlay to be present in one or more images,<br><br>**Intrinsic Evidence**<br>'588 Patent, 2:51-55, 2:63-3:2, 6:19-28, 7:37-39, 12:13-17.<br><br>U.S. Patent No. 10,503,998 File History:<br>Non-Final Office Action (Mar. 4, 2019)<br>Response to Non-Final Office Action (June 4, 2019)<br>Notice of Allowance (Aug. 9, 2019)<br><br>(ii) identifying one or more textual characters represented by the at least one feature,<br><br>**Intrinsic Evidence**<br>'588 Patent, 2:63-66, 7:46-49, 12:13-18.<br><br>(iii) determining a media channel (e.g., from which the image was obtained) represented by the at least one feature.<br><br>**Intrinsic Evidence**<br>'588 Patent, 2:63-66, 4:46-50, 7:41-49, 9:6-11. | |

| | | |
|---|---|---|
| | (iv) identifying media metadata and/or media content (e.g., from which the image was obtained) represented by the at least one feature,<br><br>**Intrinsic Evidence**<br>'588 Patent, 2:48-51, 7:17-22, 7:46-49, 12:13-21, 12:42-46, 13:2-6.<br><br>(v) identifying a hyperlink (*e.g.*, a digital reference, such as a Uniform Resource Locator ("URL")) represented by the at least one feature,<br><br>**Intrinsic Evidence**<br>'588 Patent, 7:41-46, 12:13-22.<br><br> or (vi) retrieving data referenced by a hyperlink (*e.g.*, a digital reference, such as a Uniform Resource Locator ("URL")) represented by the at least one feature.<br><br>**Intrinsic Evidence**<br>'588 Patent, 7:41-46, 12:13-22. | |
| "feature map"[2]<br>'588 patent, cls. 1, 10, 19 | Plain and ordinary meaning.<br><br>To the extent a construction is needed for "feature map," Nielsen proposes the following construction:<br><br>A numerical representation of the at least one feature in the image. | "Feature map" and "probability map" are layers of a convolutional neural network.<br><br> **Intrinsic Evidence**<br> The feature map network comprises a very deep convolutional neural network having a plurality of convolutional layers and max- |

---

[2] The parties are seeking construction of "feature map" as used in the phrase "… to create a feature map, wherein the feature map comprises …" in claim 1, and not "feature map network" in claim 1.

3

| | | |
|---|---|---|
| | **Intrinsic Evidence**<br>'588 Patent, 5:54-58, 6:10-15, 6:53-58, 7:50-54, 8: 1-16, 8:29-32, 9:26-29, 9:66-10:3, 11:60-67, and Figures 5, 7, and 8. | pooling layers. '588 patent, Col. 1 at 65 through Col. 2 at 1. |
| "probability map" [3]<br>'588 patent, cls. 1, 10, 19 | Plain and ordinary meaning.<br><br>To the extent a construction is needed for "probability map," Nielsen proposes the following construction:<br><br>A numerical representation of one or more probability values.<br><br>**Intrinsic Evidence**<br>'588 Patent, 2:58-63, 5:58-64, 6:15-19, 6:59-7:5, 9:25-38, 10:12-13, 10:34-67, 11:1-12, 12:1-7, 12:59-64, 13:14-22, and Figures 5, 7, and 9. | "Feature map" and "probability map" are layers of a convolutional neural network.<br><br>**Intrinsic Evidence**<br>The feature map network comprises a very deep convolutional neural network having a plurality of convolutional layers and max-pooling layers. '588 patent, Col. 1 at 65 through Col. 2 at 1. |
| "causing storage of data identifying the network communication in association with the panelist"<br>'901 patent, cls. 1 and 18 | Plain and ordinary meaning.<br><br>To the extent a construction is needed, Nielsen proposes the following construction:<br><br>Causing the data identifying the network communication in association with the panelist to be written to and/or represented using a computer readable storage medium for any duration.<br><br>**Intrinsic Evidence** | "storage" in the context of all asserted claims including claims 1 and 18, means non-transitory storage, that is storage in which the data is stored for a significant amount of time. The claim does not mention transmission of the stored data, so it should be construed as storing the data for an indefinite, but significant period of time. Alternatively, merely reciting "storage" renders the claim indefinite since there are significant differences in storage and non-transitory storage of data. |

---

[3] The parties are seeking construction of "probability map" as used in the phrase "… to create a probability map assigning a probability to …" in claim 1, and not "… applying a probability map network to the feature map …" in claim 1.

| | | |
|---|---|---|
| | '901 Patent: 16:31-39, 16:48-56, 11:15-42, 23:5-15, and Figures 4, 5, 6, and 7. | |
| "to log network traffic" '901 patent, cls. 1, 18  "logging network traffic" '901 patent, cl. 13 | This term is nonlimiting. It states an intended use for the network communications monitor described in the claim. Therefore, it should not be construed.  Otherwise, plain and ordinary meaning.  To the extent a construction is needed, Nielsen proposes the following construction:  To record a representation of network traffic.  **Intrinsic Evidence** '901 Patent: 5:21-23, 5:31-35, 6:49-52, 6:35-37, 8:59-63, and Figure 1. | the processor creates a log based on the data. "To log network traffic within a household that is monitored by an audience measurement entity" adds scope and meaning to the claim is scope-limiting.  **Intrinsic Evidence** The apparatus claim 20 includes a positive recitation of "storage of data…in a log of network traffic. A log is vital to understanding the scope of each independent claim. |
| "causing the data identifying the network communication in association with the panelist to be added to a log of network traffic" '901 patent, cl. 9 | Plain and ordinary meaning.  To the extent a construction is needed, Nielsen proposes the following construction:  Adding data identifying the network communication in association with the panelist to a log of network traffic.  **Intrinsic Evidence** '901 Patent: 5:31-38, 8:59-63, 13:67-14:2, 14:23-15:8, and Figures 1,5, and 5A. | "added to a log" requires the affirmative step of creating a log. |
| "causing transmission of the log of network traffic to a server that collects and processes logs of network | Plain and ordinary meaning.  To the extent a construction is needed, Nielsen proposes the following construction: | "log" is different from stored data; it is generated from stored data |

5

| | | |
|---|---|---|
| traffic from a plurality of households" '901 patent, cl. 10 | Causing the log of network traffic to be sent to a server that collects and processes logs of network traffic from a plurality of households.<br><br>**Intrinsic Evidence**<br>'901 Patent: 11:15-21, 13:67-14:2, 14:23-51, 19:50-55, 20:19-27, and Figures 4, 5, 5A, and 8. | |
| "store[ing] data identifying the network communication in association with the panelist" '901 patent, cls. 13, 20 | Plain and ordinary meaning.<br><br>To the extent a construction is needed, Nielsen proposes the following construction:<br><br>Writing the data identifying the network communication in association with the panelist to and/or representing the data identifying the network communication in association with the panelist using a computer readable storage medium for any duration.<br><br>**Intrinsic Evidence**<br>'901 Patent: 16:31-39, 16:48-56, 11:15-42, 23:5-15, and Figures 4, 5, 6, and 7. | "storing data" in the context of all asserted claims including claims 13 and 20, means non-transitory stored data, that is storage in which the data is stored for a significant amount of time. The claim does not mention transmission of the stored data, so it should be construed as storing the data for an indefinite, but significant period of time. Alternatively, merely reciting "storage" renders the claim indefinite since there are significant differences in storage and non-transitory storage of data.<br><br>**Intrinsic Evidence**<br>Flow chart of Fig. 5 of the '901patent discloses the step of "store data", followed by "store timestamp," and then "end," and thus held indefinitely. Similarly, Fig. 6 of the '901 patent describes step "store data" 665 and "store data" 670 and "store timestamp" 680 followed by "end". |
| "transmitting the log of network traffic" '901 patent, cl. 18 | Plain and ordinary meaning.<br><br>To the extent a construction is needed, Nielsen proposes the following construction: | A "log" is created by the network communications monitor and is then transmitted as something different from the stored data. "Transmitting" is not performed until a threshold of time is reached, preferably |

6

| | Sending the log of network traffic.<br><br>**Intrinsic Evidence**<br>'901 Patent: 11:15-40, 13:67-14:2, 14:23-51, 19:50-55, 20:19-27, and Figures 4, 5, 5A, and 8. | one day, or when a threshold amount of data is accumulated.<br><br>**Intrinsic Evidence**<br>'901, Col. 20 at 1-14.<br>Fig. 8. Discloses the holding of data until thresholds of volume and/or time are reached, and the thresholds are set to allow data to accumulate. Transmission intervals may be could be every day, once a week, once an hour. '901, Col. 11 at 15-25. |
|---|---|---|