IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>HYPHAMETRICS, INC.<br><br>    Defendant. | C.A. No. 23-136-GBW-CJB<br>(consolidated) |

# DEFENDANT'S RULE 72 OBJECTIONS TO
# REPORT AND RECOMMENDATION REGARDING CLAIM CONSTRUCTION

*Of Counsel:*

Edward A. Pennington
Beth Oliak
Pennington Oliak PLLC
1055 Thomas Jefferson Street, NW, Suite L35
Washington DC  20007
(202) 897-2725
epennington@pennoliak.com
oliakb@pennoliak.com

Dated:  June 5, 2024

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. PROSECUTION HISTORY ...........................................................................................1

III. LEGAL STANDARD .....................................................................................................2

IV. ERRORS IN THE R&R – D.I. 97 ..................................................................................4

    A. Finding Threshold "Could Have Any Such Value" ...........................................4

    B. The R&R Misconstrued Defendant's Position on Experts .................................6

    C. Enablement ........................................................................................................6

V. CONCLUSION ................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*360Heros, Inc. v. GoPro, Inc.*,
  2020 WL 6450499 (D. Del. May 22, 2020) ................................................................. 6

*Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*,
  262 F.3d 1258 (Fed. Cir. 2001) ................................................................................... 3

*Cohesive Techs., Inc. v. Waters Corp.*,
  543 F.3d 1351 (Fed. Cir. 2008) ................................................................................ 3, 5

*General Elec. Co. v. Wabash Appliance Corp.*,
  304 U. S. 364 (1938) .................................................................................................... 3

*Interval Licensing LLC v. AOL, Inc.*,
  766 F.3d 1364 (Fed. Cir. 2014) ................................................................................... 5

*Irdeto Access, Inc. v. Echostar Satellite Corp.*,
  383 F.3d 1295 (Fed. Cir. 2004) ................................................................................... 3

*Par Pharm., Inc. v. Hospira, Inc.*,
  2019 WL 2353454 (D. Del. June 3, 2019) ............................................................... 3, 2

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ................................................................................... 3

*Takeda Pharm. Co. v. Zydus Pharm. USA, Inc.*,
  743 F.3d 1359 (Fed. Cir. 2014) ................................................................................... 3

*V-Formation, Inc. v. Benetton Grp. SpA*,
  401 F.3d 1307 (Fed. Cir. 2005) ................................................................................... 3

*Vitronics Corp. v. Conceptronic, Inc.*,
  90 F.3d 1576 (Fed. Cir. 1996) ..................................................................................... 3

**Statutes**

35 U.S.C. § 112 ............................................................................................................. 1, 3, 5

**I.     INTRODUCTION**

Hyphametrics respectfully objects-in-part to Judge Burke's Report and Recommendation ("R&R"), D.I. 97, specifically, to the R&R's determination that the term "a threshold probability value" is not indefinite, even though no numeric value is stated in the claim, nor is there any description of how to arrive at a specific value.

What makes this case different from others is that neither party disputes the meaning of "threshold value probability value."  The dispute is over the fact that, as the Patent Examiner indicated during examination, there is no boundary on what the value could be. By definition, "probability" is a number between 0 and 1, but there are an infinity of numbers between 0 and 1, ranging from a very low probability to a very high probability.  The selection of the "threshold probability value" is highly dependent on a number of factors, most importantly, cost (in terms of computational time and money) and the type of image which is sought to be identified.  The claims give no guidance on what is being identified, and therefore, cannot assume what cost factors are involved.

**II.    PROSECUTION HISTORY**

Nielsen correctly summarizes the file history of the '588 patent.  On March 4, 2019, the examiner in charge of the application which led to the '588 patent issued an Office Action in which he determined that the claims were indefinite under 35 U.S.C. § 112.  In particular, the examiner stated that "probability exceeds a threshold" is indefinite.  Nielsen did not point out in their briefing that the examiner's issue was not with the word "threshold" but with the absence of any definite value.  The examiner stated "threshold is an unbounded domain with no definiteness," meaning that the word "threshold" is not indefinite, but the absence of a value is what makes it indefinite.

1

Nielsen's response was essentially a non-response.  Nielsen amended the phrase "probability exceeds a threshold" to "the **assigned** probability exceeds a threshold **probability value**."  But this amendment does not fix the issue of an "unbounded domain." The examiner was looking for a number, but instead he received a nonsense statement that a probability is a probability value.  No numbers were given, nor was there any description on how to find a number.

In "remarks," Nielsen argued that the probability could be between 0 and 1.  But between 0 and 1 there are infinite numbers, each of which has a high degree of significance, depending on what you are trying to identify.  In civil litigation, the preponderance of the evidence standard for burden of proof is sometimes stated to be a weight of evidence that is at least over 50%, such as 51%, but for criminal matters, the burden is much higher.   In that case, the "threshold" is 51% so that the party with the burden of proof need only show that the weight of evidence is at least 51%.  For "beyond a reasonable doubt" we would have a much higher threshold, perhaps close to "1."  These examples demonstrate that the threshold for a claim to a method of identifying an object cannot be any number between 0 and 1.  The argument that "between 0 and 1" provides the bounds to the threshold is either false or misleading.

### III.   LEGAL STANDARD

A party may serve and file written objections to a magistrate judge's report and recommendation.  Fed. R. Civ. P. 72(b).  "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Par Pharm., Inc. v. Hospira, Inc.,* No. 17-944-JFB-SRF, 2019 WL 2353454, at *2 (D. Del. June 3, 2019).

To properly construe claim terms, one must consider the claim language, the

specification, and the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, at 1319-24 (Fed. Cir. 2005) (en banc). The specification "is the single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). In looking at the specification, "[e]ven when guidance is not provided in explicit definitional format, the specification may define claim terms by implication such that the meaning may be found in or ascertained by a reading of the patent documents." *Irdeto Access, Inc. v. Echostar Satellite Corp.*, 383 F.3d 1295, 1300 (Fed. Cir. 2004) (citation omitted).

Definiteness is to be evaluated from the perspective of someone skilled in the relevant art. *General Elec. Co. v. Wabash Appliance Corp.*, 304 U. S. 364, 371 (1938). HyphaMetrics does not dispute Nielsen's view of what the level of ordinary skill in the art is, introduced through Nielsen's expert. However, HyphaMetrics disputes whether the expert can give an opinion on the ultimate conclusion of whether a numeric value is required to make "threshold" definite under 35 U.S.C. § 112, which is ultimately a legal conclusion determined by the Court. Like claim construction, indefiniteness is a question of law. *Takeda Pharm. Co. v. Zydus Pharm. USA, Inc.*, 743 F.3d 1359, 1366 (Fed. Cir. 2014).

In construing claims, the intrinsic evidence – the specification, claims and prosecution history – is the primary resource available to the Court for interpreting disputed claim terms, and not extrinsic evidence such as expert opinions. *V-Formation, Inc. v. Benetton Grp. SpA,* 401 F.3d 1307, 1310 (Fed. Cir. 2005). Extrinsic evidence "may be used only to assist in the proper understanding of the disputed limitation; it may not be used to vary, contradict, expand, or limit the claim language from how it is defined, even by implication, in the specification or file history.' *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*, 262 F.3d 1258, 1269 (Fed. Cir. 2001).

3

## IV. ERRORS IN THE R&R – D.I. 97

### A. Finding Threshold "Could Have Any Such Value"

The R&R (D.I. 97) states "[t]he Court agrees that the term could have any such value." The Court then states that the issue is whether a person of ordinary skill in the art would determine whether the claim had sufficient definition, and accordingly, all the claim needs to provide is that there is an understanding that "threshold" only requires that there is a number or value. But this misses the point, and falls into the examiner's concern: the threshold value cannot simply be "any number." Any number could include a threshold of .0001% or 99.999%, but that range has no anchor to what is being identified. In other words, any number does not supply a functional claim.

With respect to the expert's view, at this stage in litigation the expert can state what the level of ordinary skill in the art is, but cannot opine on the ultimate conclusion of indefiniteness. If the term "threshold" was in dispute, the expert could provide a view as to what the proper meaning of "threshold" is, but here, the expert cannot say that the claim is definite without a numeric value for "threshold."

The R&R further states the term threshold "simply requires that there be a designated value (i.e., a number) that, when exceed, indicates that a feature in the image is likely an overlay (and conversely, when not exceeded, indicates that the feature in the image is likely not an overlay)." This statement misapplies the basic concept of a neural network. In the Court's paraphrased words, the claim is definite because it describes the ***probability*** that a machine-viewed image is **probably** an actual, particular image. What a neural network does is give you the ***probability threshold*** above which a machine-viewed image ***is*** (not probably) an actual, particular image.

When the specification establishes the criticality of a precise range of a physical property,

4

the proper claim scope *must* account for that precision. *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1368 (Fed. Cir. 2008); *Pall*, 66 F.3d at 1218. But here, there is no range or number that defines what the threshold is, so there is nothing to compare in the claims to what is in the specification. The error here is fundamental and fatal. If anything, when the Court noted that the threshold could be any number above (to rule in) or below (to rule out) an image, at least with that addition, the claims could have been more definite. As they stand, the claims do not rule in or out an image detection, and therefore, the numeric value of the threshold cannot be any number.

The Court's construction leaves the claims with no objective boundaries, which are required to satisfy the requirements of 35 U.S.C.§ 112. *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014). The Court cited *AutoAlert, LLC v.Dominion Dealer Sols, LLC,* Case No. SACV 12-1661-JLS (JPRx), 2014 WL 12042564, for finding that the term "preset acceptable threshold value" was not indefinite, where "a POSITA would understand its scope with reasonable certainty." However, the *AutoAlert* case focused on the word "acceptable" not "threshold" and further the software did not involve neural networks. As part of the dispute in AutoAlert, the claim language states the follows:

> automatically calculating one or more new payments based on an estimated equity value of the first vehicle derived from the first financial terms, and, based on the second financial terms; and automatically determining if the one or more new payments satisfy at least a condition based at least in part on the first financial terms and the second financial terms, wherein the determination comprises calculating a difference between the one or more new payments and an existing periodic payment for the first vehicle, ***and determining whether the difference is less than or equal to a preset acceptable threshold value***;

*Id*. at *9. *AutoAlert* is simply not applicable to the present case. The "threshold" in the *AutoAlert* case is not a probability value.

5

### B. The R&R Misconstrued Defendant's Position on Experts

The R&R noted that HyphaMetrics did not offer an expert report to counter the one submitted by Nielsen. Both the Court and Nielsen stated that HyphaMetrics did not contradict what was said in Nielsen's expert's statement.

The R&R overlooks the fact that HyphaMetrics challenged the use of an expert report as extrinsic evidence, which was unnecessary because the term "threshold" itself was not in dispute; the dispute is over whether an expert can give an opinion that fills in the glaring missing blank - that any number can be used as the threshold value. As for the Nielsen expert's view of who the person of ordinary skill in the art is, HyphaMetrics would not contradict that statement, but HyphaMetrics vehemently challenges the view that the POSITA would find the claims definite. That determination is for the Court.

The R&R cites to *360Heros, Inc. v. GoPro, Inc.,* Civil Action No. 17-1302-LPS-CJB, 2020 WL 6450499, at *2 (D. Del. May 22, 2020), for the proposition that a court should take as a given testimony from an expert, where the expert is not contradicted by a competing expert. However, HyphaMetrics contends that there is a missing, critical numeric value, or at least a lack of definition as to whether you are seeking to rule in or rule out an image. HyphaMetrics does not dispute who the POSITA is, but disputes what the expert can say about the ultimate conclusion as to lack of definition.

### C. Enablement

The R&R states that HyphaMetrics's arguments about the claims not providing a description of how to find or determine the threshold value "sound[s] more like an argument regarding lack of enablement." Although the claims are likely invalid for lack of enablement, the Court misconstrued HyphaMetrics's argument. The point is that there is no description in the claim that would help overcome the examiner's initial rejection, that the claims are unbounded.

6

At least, if the claim had language to define what you were looking for, e.g., a ruling in or ruling out of an image, you could at least define the threshold as a relatively high versus relatively low number. HyphaMetrics was not arguing that you can't find a number. The argument is that there is nothing in the claim that would place boundaries on the number. A better description of what you were looking for, and what cost function was limiting time and expense of computing, would help narrow the number to something other than "infinity," which is in fact the number of numbers between 0 and 1.

## V. CONCLUSION

For the foregoing reasons, HyphaMetrics respectfully asks that this Court to overrule the R&R (D.I. 97) for the reason that "threshold probability value" is indefinite.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Edward A. Pennington
Beth Oliak
Pennington Oliak PLLC
1055 Thomas Jefferson Street, NW, Suite L35
Washington DC  20007
(202) 897-2725
epennington@pennoliak.com
oliakb@pennoliak.com

Dated:  June 5, 2024

## **CERTIFICATION**

Pursuant to the Standing Order for Objections Filed Pursuant to Fed. R. Civ. P. 72 dated October 9, 2013. The undersigned counsel certifies that these objections do not raise new legal/factual arguments.

/s/ *Andrew C. Mayo*

Andrew C. Mayo (#5207)