IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 23-136-GBW |
| HYPHAMETRICS, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

In this patent infringement action, Magistrate Judge Christopher J. Burke ("Judge Burke") issued a Report and Recommendation ("Report" or "Report and Recommendation") (D.I. 97) following a *Markman* hearing. The Report recommends that the Court deny Defendant's contention that the term "a threshold probability value" is indefinite.[1] For the following reasons, the Court adopts Judge Burke's Report and overrules Defendant's corresponding Objection (D.I. 107).

I.   BACKGROUND

The Court writes for the benefit of the parties and, as such, only briefly sets forth the facts and procedural history necessary for the discussion herein.

The '558 patent provides a method "to detect semitransparent or opaque overlays, such as logos and/or text, in images, such as stills captured from TV shows or other media presentations." '588 patent, 2:49-50. One embodiment of the method uses a neural network to produce a

---

[1] The Plaintiff is Nielsen Company (US) ("Nielsen" or "Plaintiff"). The Defendant is Hyphametrics, Inc. ("Hyphametrics" or "Defendant"). The patent at issue in this objection is U.S. Patent No. 10,970,588 ("the '588 patent").

probability map of the areas where one or more overlays are likely to be present in the image. Using this probability map, a user can extract overlays. '588 patent, 2:58-60. Nielsen asserts that Hyphametrics infringes claims 1 and 10 of the '588 patent. *See* D.I. 81. Claims 1 and 10 of the '588 patent use the term "a threshold probability value." D.I. 90 at 1. For example, Claim 1 of the '588 patent recites, up to the disputed term emphasized herein:

1. A method comprising:

a processor applying a feature map network to an image to create a feature map, wherein the feature map comprises a grid of vectors characterizing at least one feature in the image;

the processor applying a probability map network to the feature map to create a probability map assigning a probability to the at least one feature in the image, wherein the assigned probability corresponds to a likelihood that the at least one feature is an overlay;

the processor determining that the assigned probability exceeds *a threshold probability value*[.]

'588 patent cl. 1.

On March 4, 2019, during the prosecution of the '588 patent, the United States Patent and Trademark Office ("USPTO") rejected the original claim language of "probability exceeds a threshold" as indefinite under 35 U.S.C. § 112. D.I. 71-1, Ex. C, at PageID #941. In response, on June 4, 2019, the applicant amended the relevant claims to recite "probability exceeds a threshold probability value," which resulted in the USPTO withdrawing the § 112 rejection. D.I. 71-1, Ex. C, at PageID # 949.

On February 3, 2023, Nielsen filed this action. D.I. 1. The parties submitted a Joint Claim Construction Chart on December 19, 2023. D.I. 54. On March 20, 2024, the parties submitted a Joint Claim Construction Brief and their own respective Motions for Claim Construction. D.I. 70;

2

D.I. 72; D.I. 75. Nielsen submitted a Supplemental Complaint for Patent Infringement on April 1, 2024. D.I. 81. The parties thereafter submitted an Amended Joint Claim Construction chart on April 17, 2024. D.I. 91. The parties had a *Markman* hearing on May 5, 2024 (D.I. 104) and, on May 21, 2024, Judge Burke issued his report and recommendations following the *Markman* hearing, including the Report. D.I. 97; D.I. 98; D.I. 99. On June 5, 2024, Hyphametrics filed its Objection to the Report. D.I. 107. On April 4, 2025, Nielsen filed its Response. D.I. 109.

## II. LEGAL STANDARD

In reviewing a Magistrate Judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. *Id.* As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III. DISCUSSION

For three reasons, the Court finds that Judge Burke correctly concluded that Hyphametrics failed to show, by clear and convincing evidence, that "a threshold probability value" is indefinite. First, Judge Burke addressed Hyphametrics' main argument that the term "a threshold probability value" is indefinite because the term is unbounded—meaning the value could be any number between 0 and 1. D.I. 97. Judge Burke correctly concluded that the relevant question with respect to definiteness is whether the claims would inform a person of ordinary skill in the art ("POSITA") about the scope of the invention with reasonable certainty. *Id.* (citing *Virco Mfg. Corp. v. SSI*

3

*Liquidating, Inc.*, No. CV 20-906-LPS-CJB, 2022 WL 1184060, at *7 (D. Del. Apr. 21, 2022), *report and recommendation adopted*, No. CV 20-906-LPS-CJB, 2022 WL 2235840 (D. Del. June 22, 2022)).

Judge Burke explained that the claims simply require that there be a designated value (i.e., a number) that, when exceeded, indicates that a feature in the image is likely an overlay (and that conversely, when not exceeded, indicates that the feature in the image is likely not an overlay). D.I. 97; *see, e.g.*, '588 patent, 14:23-29. Judge Burke identified two examples in the specification that show how this process can work. '588 patent, 9:35-38, 13:14-20. Judge Burke also cited *AutoAlert, LLC v. Dominion Dealer Sols., LLC*, No. SACV121661JLSJPRX, 2014 WL 12042564, (C.D. Cal. Dec. 23, 2014), where the court held that the term "preset acceptable threshold value" was not indefinite. *Id.* at *5. In *AutoAlert*, the court held that a POSITA would understand the scope of "preset acceptable threshold value" with reasonable certainty because he or she would understand how such a value is determined. *Id.* Judge Burke noted that "[a]ny complaint that the value is unbounded is really a complaint about the breadth of the claim scope, but a broad claim is not necessarily an indefinite one." D.I. 97 (citing *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1347 (Fed. Cir. 2022)); *see also ESCO Group LLC v. Deere & Co.*, No. 20-cv-1679-WCB, 2023 WL 4199413, at *5 (D. Del. June 22, 2023).

Second, Judge Burke addressed the language of the claim itself. Nielsen's expert, Dr. Xiong, opined that, in the context of the intrinsic evidence, a POSITA would understand the scope of "a threshold probability value" with reasonable certainty. D.I. 97. Hyphametrics, on the other hand, did not provide an expert declaration that speaks to what a POSITA would or would not understand as to the term "a threshold probability value". *Id.* Dr. Xiong's testimony was therefore essentially uncontested and, in such a situation, "where the Plaintiff has provided expert testimony

4

to the effect that skilled artisans would understand the term in question to have the meaning that Plaintiff suggests—while Defendant attempts to counter that assertion simply with attorney argument (and no competing expert testimony)[,]" the Court "would be hard pressed to conclude that Defendant has met its clear and convincing evidence burden to show indefiniteness." *360Heros, Inc. v. GoPro*, Inc., No. 17-cv-1302-LPS-CJB, 2020 WL 6450499, at *2 (D. Del. May 22, 2020).

Third, Judge Burke observed that Hyphametrics' repeated complaints that the '588 patent does not address "how" to determine a threshold probability value sounded more like an argument regarding lack of enablement than an argument going to indefiniteness. D.I. 97.

Hyphametrics' objection (D.I. 107) takes issue with each of these grounds, and the Court addresses each in turn below.

A. **Judge Burke Correctly Concluded that Threshold Could Have Any Such Value**

Hyphametrics asserts that the threshold value cannot be "any number." D.I. 107 at 4. Hyphametrics claims that this "threshold" does not supply a functional claim because "any number" could include a threshold of 0.0001% to 99.999%. *Id.*

However, Hyphametrics identifies nothing in the patent or the intrinsic evidence that requires the claim to have a number range that is less broad. "[A] claim is not indefinite just because it is broad." *Niazi*, 30 F.4th at 1347.

Hyphametrics' only support for its argument is that, "[w]hen the specification establishes the criticality of a precise range of a physical property, the proper claim scope must account for that precision." D.I. 107 at 4-5 (citing *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1368 (Fed. Cir. 2008)). Yet Hyphametrics misapplies the caselaw. The specification of the patent at issue in *Cohesive Techs.* required a "low-end limit" on the meaning of the term "about 30 μm" because the specification taught that the desired "turbulence could not be attained" using particles

5

of nominal average diameters of 20 μm or 10 μm. *Cohesive Techs.*, 543 F.3d at 1368. But Hyphametrics points to no part of the '588 patent that states that the desired outcome could not be attained for a specific numeric range.

Moreover, the patent at issue in *Cohesive Techs* dealt with a claim that requires a diameter of numeric length. *Id.* at 1367 (noting that the patent at issue requires "average diameters of greater than about 30 μm" (citation omitted)). The "criticality of a precise range," as Hyphametrics describes it, comes from needing to determine how large the range of the construction of "about 30 μm" would be. *Id.* In contrast, the claims of the '588 patent do not state a specific number for the "threshold probability value." Unlike the patent in *Cohesive Techs*, there is no anchor number corresponding to "threshold," thus not necessitating claim construction to determine how large of range the claim allows. As a result, there is no support for Hyphametrics argument that the '588 specification establishes the criticality of a precise range.[2]

Additionally, Hyphametrics' attempts to distinguish *AutoAlert* fail. First, Hyphametrics asserts that the claim has "no objective boundary" because *AutoAlert* dealt with software, not neural networks. D.I. 107 at 5. Because the "threshold" in *AutoAlert* was not a probability value, Hyphametrics asserts that *AutoAlert* is not an appliable case. Hyphametrics never states why this difference is significant, and the Court sees no reason why this difference affects claim construction. Second, Hyphametrics contends the court in *AutoAlert* focused on the word "acceptable" in "preset acceptable threshold value," not "threshold" like in this case. *Id.* This contention is also incorrect because the *AutoAlert* court did not solely focus on the word

---

[2] Hyphametrics also provides the short citation "*Pall*, 66 F.3d at 1218." However, that is the only citation to that case in Hyphametrics' brief, and Hyphametrics does not provide the case in its Table of Authorities. As such, the Court cannot find and cannot address this case as part of Hyphametrics' argument.

6

"acceptable." The court held that "the claim, viewed in context, provides an objective standard for the phrase 'preset acceptable threshold value', . . . and is therefore not inherently subjective." *AutoAlert*, 2014 WL 12042564, at *5. Similarly, and as the Report concludes, a POSITA would understand the scope of the full term of "a threshold probability value" with reasonable certainty. D.I. 97.

### B. The Report Did Not Misconstrue Hyphametrics' Position on Experts

Hyphametrics claims that the Report misconstrues Hyphametrics' position on experts. Hyphametrics states that its position is that an expert cannot "give an opinion that fills in the glaring missing blank - that any number can be used as the threshold value." D.I. 107 at 6. Hyphametrics claims the ultimate conclusion on definiteness is "for the Court." *Id.* Hyphametrics is incorrect. Hyphametrics is making an indefiniteness argument – specifically, that claims are indefinite when they fail "to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 898-99 (2014). Thus, the Report correctly concluded that, "where the Plaintiff has provided expert testimony to the effect that skilled artisans would understand the term in question to have the meaning that Plaintiff suggests—while Defendant attempts to counter that assertion simply with attorney argument (and no competing expert testimony)[,]" the Court "would be hard pressed to conclude that Defendant has met its clear and convincing evidence burden to show indefiniteness." D.I. 97 (quoting *360Heros*, 2020 WL 6450499, at *2).

### C. The '588 Patent Claims are Not Unbounded

Hyphametrics claims that the Report misstates Hyphametrics argument where the Report states that the "complaints that the [']588 patent does not address 'how' to determine a threshold probability value sound more like an argument regarding lack of enablement." D.I. 107 at 6. Examining Hyphametrics' argument in full, however, does not show indefiniteness. In this part

7

of the objection, Hyphametrics explains that its point is that "there is no description in the claim that would help overcome the examiner's initial rejection, that the claims are unbounded." *Id.* Notwithstanding the fact that the amended claim did overcome the examiner's initial objection, the amended claims are not unbounded. As the June 19, 2019 Response to Office Action explained, a "threshold probability value" is not unbounded because probability values range from 0 to 1. D.I. 71-1, Ex. C at PageID #958. By adding "probability value" to the term "threshold," the '588 patent applicant overcame the examiner's initial rejection because it bounded the claim between 0 to 1.

Hyphametrics claims that the 0 to 1 range is unbounded because there are "infinite" numbers between 0 and 1. D.I. 107 at 7. However, that is simply not true. Although there may be many sub-points or decimals between 0 and 1, that is the nature of numbers, and the range 0 to 1 is not unbounded. Courts constantly allow ranges in claim construction. See *Cohesive Techs*, 543 F.3d at 1371 (construing the claim "in the range between about 30 to about 500 μm"). Thus, regardless of how Judge Burke construed Hyphametrics' argument, the argument fails.

\* \* \*

WHEREFORE, at Wilmington this 13th day of June 2025, **IT IS HEREBY ORDERED** that Judge Burke's Report and Recommendation (D.I. 97) is **ADOPTED** and Defendant's Objection (D.I. 107) is **OVERRULED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE