IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:23-cv-00136-GBW-CJB |
| | ) | (consolidated) |
| v. | ) | |
| | ) | |
| HYPHAMETRICS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

**DEFENDANT HYPHAMETRICS, INC.'S
CITATION OF SUBSEQUENT AUTHORITY**

Defendant HyphaMetrics, Inc. ("HyphaMetrics") submits the attached subsequent authority pursuant to Local Rule 7.1.2(b) in support of its Motion for Summary Judgment of Patent Invalidity under 35 U.S.C. § 101 (D.I. 157).  Judge Andrews ruled on July 8, 2025 that a patent claiming conventional machine learning techniques, using no particular method of training a model, is not patent eligible.  *Arkose Labs Holding, Inc. v. Datadome Solutions, Inc.*, C.A.No. 23-1467-RGA (D. Del., July 8, 2025) (D.I. 20) (Exhibit 1 hereto)

Judge Andrews' Memorandum and Opinion cites Your Honor's recent decision in *Recentive Analytics, Inc. v. Fox Corp.*, 692 F. Supp. 3d 438 (D.Del. 2023), aff'd, 134 F.4th 1205 (Fed. Cir. 2025).   The Federal Circuit affirmed *Recentive* and specifically noted the case was one of first impression in explicitly addressing the use of machine learning under 35 U.S.C. § 101. While Arkose Labs Holding, Inc. applies to all three of the patents-in-suit in the present case, two of the three patents, U.S. 10,970,588 ("the '588 patent") and U.S. 11,893, 782 ("the '782 patent"), are specifically directed to neural network algorithms and generic computers and

method steps. The '588 and '782 patents derive from the same specification as continuation applications.

*Datadome and Recentive* confirm that applying off-the-shelf machine learning models, such as neural networks, regressions, etc., to conventional domains is not enough for patent eligibility, and "[p]atents [like the patent-in-suit in the instant case] that do no more than claim the application of generic machine learning to new data environments, without disclosing improvements to the machine learning models to be applied, are patent ineligible." *Recentive*, 134 F.4th at 1216.

                                                  ASHBY & GEDDES

                                                  */s/ John G. Day*

                                                  _____

| | |
|---|---|
| | John G. Day (#2403) |
| *Of Counsel:* | Andrew C. Mayo (#5207) |
| | 500 Delaware Avenue, 8th Floor |
| Edward A. Pennington | P.O. Box 1150 |
| Beth Oliak | Wilmington, DE  19899 |
| Pennington Oliak PLLC | (302) 654-1888 |
| 1055 Thomas Jefferson Street, NW, Suite L35 | jday@ashbygeddes.com |
| Washington DC  20007 | amayo@ashbygeddes.com |
| (202) 897-2725 | |
| epennington@pennoliak.com | *Attorneys for Defendant* |
| oliakb@pennoliak.com | |

Dated:  July 9, 2025